## JOINES v. JOINES.

No. 20119. Opinion Filed June 9, 1931.

Rehearing Denied July 28, 1931.

Wm. G. Davisson, for plaintiff in error.

M. W. Eddleman and Brown & Williams, for defendant in error.

KORNEGAY, J. This is a proceeding in error brought from the district court of Carter county; the Honorable Asa E. Walden being the trial judge.

Plaintiff sought a divorce. Prior to going into court, he and his wife, the defendant herein, settled their property rights. The court below was more than liberal in the allowance of attorney's fees, and made an order allowing the defendant, Nannie Mae Joines, permanent maintenance for 14 years at the rate of $500 per month. The attorneys' fees allowed and paid by the plaintiff in error were $2,000 and $2,200 additional were allowed, payment of which was suspended by giving supersedeas bond.

This record is full of evidence that it would serve no useful purpose to here detail. We have listened to an oral argument by the attorneys, and have thoroughly examined the records, containing 836 pages, and the briefs, containing 616 pages. We are satisfied from the evidence and the admitted facts in this case, and find therefrom, that the plaintiff below was entitled to a divorce on the grounds alleged in his petition of gross neglect of duty and of cruelty, and that the court below erred in refusing such divorce.

We are further satisfied that the property settlement had between the parties gave to the defendant all that under the law she had a right to expect. We are satisfied that the attorneys' fees allowed and paid heretofore, though liberal, considerating the matters to be investigated, are not out of proportion. As to the $2,200 allowance, made after the demeanor of the defendant while the wife of the plaintiff was apparent, we think it excessive. This allowance is reduced to $1,000, and in full recompense to defendant's attorneys for what they have done for her in this case, and is to be paid by the plaintiff.

We are further of the opinion that the bonds of matrimony existing between the plaintiff, U. S. Joines, and the defendant, Nannie Mae Joines, should by this court be dissolved, on account of the fault of the defendant, Nannie Mae Joines. That the court costs, unsatisfied, should be paid by the plaintiff in error, U. S. Joines.

The underlying legal principles involved in this case are well set forth in the case of Daniels v. Taylor, 145 Fed. 169, decided by the Circuit Court of Appeals, Eight Circuit, April 6, 1906, and the applicable statutory provisions are found in section 501, C. O. S. 1921. The opinion in the case cited was rendered by Justice Van Devanter, now of the Supreme Court of the United States.

The cause is reversed, judgment of the lower court vacated, and judgment here rendered, dissolving the marriage relation existing between the parties, U. S. Joines,

the plaintiff, and Nannie Mae Joines, the defendant, as will further appear by journal entry of this date here made, and in accordance with this opinion.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. HEFNER, J., disqualified. LESTER, C. J., absent.